1

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

2

3

4

Peter B. Goldman (AZ # 018011)
pgoldman@dmyl.com
Attorneys for Plaintiff

5

6

## U.S. DISTRICT COURT

7

## DISTRICT OF ARIZONA

8

Wedge-Loc Co. Inc., an Arizona
corporation,

9

Plaintiff,

10

11

vs.

Patent Group, L.L.C., a Texas limited
liability company,

12

13

Defendant.

NO.

**VERIFIED COMPLAINT**

(Assigned to )

**Jury Trial Requested**

14

15

16

Plaintiff Wedge-Loc Company, Inc. ("Wedge-Loc") through undersigned counsel

for its complaint against Defendant, herein alleges as follows:

17

## NATURE OF THE ACTION

18

19

1.     This complaint is an action for declaratory relief under the declaratory

judgment statute of the United States of America, 28 U.S.C. § 2201(a).

20

21

2.     This case arises out of the patent laws of the United States of America, 35

22

U.S.C. §§ 101 et. seq., and more particularly 35 U.S.C. § 292, the patent false marking

23

statute.

24

## PARTIES

25

26

3.     Wedge-Loc (also referred to herein as "Plaintiff") is a company incorporated

1   under the laws of the State of Arizona.

2       4.     Defendant Patent Group, L.L.C. ("Defendant" or "Patent Group") is a limited

3   liability company organized under the laws of the State of Texas.

4

5       5.     Patent Group can be served through its registered agent, Michael J. Collins,

6   whose address is 110 North College Ave., Suite 1504, Tyler, Texas 75702.  Michael J.

7   Collins ("Collins") is also the Managing Member of Patent Group.

8       6.     Upon information and belief, Collins is the sole member of Patent Group.

9   **JURISDICTION AND VENUE**

10      7.     On information and belief, Defendant does not compete with Wedge-Loc in

11
12  the market place.

13      8.     On information and belief, Defendant Patent Group L.L.C. purchased a

14  Wedge-Loc product for the sole purpose of using it to support a lawsuit that it filed against

15  Wedge-Loc.

16
17      9.     On August 6, 2010, Defendant Patent Group, L.L.C. filed a patent false

18  marking complaint against Wedge-Loc in the United States District Court for the Eastern

19  District of Texas, case no. 6:10-cv-00408-MHS.

20      10.    Defendant knew or had reason to know that its acts alleged herein were

21  intentional acts expressly aimed or purposefully directed at a resident of the

22  State of Arizona.

23
24      11.    By purchasing a Wedge-Loc product, with the intent to file suit against

25  Wedge-Loc, and then suing Wedge-Loc, Defendant expressly aimed or purposefully

26

Left margin (vertical text): DECONCINI MCDONALD YETWIN & LACY, P.C. 2525 East Broadway Blvd., Suite 200 Tucson, AZ 85716-5300

Case Name; Case No. _____
I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC    2

1   directed its acts intentionally against a resident of the State of Arizona, targeting a known

2   resident of the State of Arizona, knowing that its behavior would likely cause harm, the

3   brunt of which would be suffered and which Defendant knew was likely to be suffered in

4   the State of Arizona.

5

6       12.     On information and belief, Defendant suffered at most a de minimis economic

7   harm when it purchased one of Wedge-Loc's bracing systems.

8       13.     On information and belief, Defendant's attempt in its complaint to portray

9   itself as an innocent member of the Public suffering harmful economic effects due to

10  Wedge-Loc's conduct is a pretense created for the sole purpose of extracting enormous

11  economic benefit from Wedge-Loc's inadvertent and innocent errors, if indeed such errors

12

13  occurred.

14      14.     Under the Federal Rules of Civil Procedure, Rule 4, the time for service of the

15  complaint expired on December 4, 2010.

16
        15.     However, on information and belief Defendant did not send out its complaint
17
    for service before December 4, 2010.
18

19      16.     On or about December 6, 2010, Defendant sent the summons and complaint

20  for service to the Citations Unit, Office of the Secretary of State, State of Texas.

21      17.     On or about December 6, 2010, the Texas Citations Unit received the

22  summons and complaint, for the purpose of serving it.

23
        18.     On or about December 9, 2010, the Texas Citations Unit of the Office of the
24
    Secretary of State mailed the summons and complaint, by certified mail, to Wedge-Loc's
25

26

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Case Name; Case No. _____

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1  registered agent, Wendy L. Williams.

2      19.      The summons and complaint were not delivered to Wedge-Loc's registered

3  agent, or to a President or Vice-President of Wedge-Loc, as required by Texas law.

4      20.      On or about December 14, 2010, and on information and belief, the summons

5
6  and complaint were delivered to and signed for by someone else.  That person is not

7  Wedge-Loc's statutory agent, or President, or Vice-President, as required by Texas law.

8  Contrary to Texas law and on information and belief the summons and complaint were

9  delivered to another individual who signed the return receipt accompanying the certified

10 package containing the summons and complaint.

11
12     21.      Pursuant to Texas law Wedge-Loc has not been served with the complaint.

13     22.      Jurisdiction in this district is proper because there is a substantial controversy

14 between the Parties having an adverse impact on Wedge-Loc's interest, and of sufficient

15 immediacy and reality to warrant a declaratory judgment.

16     23.      Plaintiff Wedge-Loc has no way of knowing whether Defendant intends to

17
18 refile and serve a complaint against Wedge-Loc, or otherwise prosecute the claims stated in

19 the patent false marking complaint that it filed in Texas.

20     24.      The fact the complaint was filed and that Defendant tried to serve it even after

21 expiration of the time to do so gives Plaintiff a reasonable apprehension that there is an

22 actual controversy between the Parties that is ripe for adjudication.

23     25.      This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1338(a),

24
25 1367, and 2201(a).

26

Case Name; Case No. _____
I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC        4

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1

2

26.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and

1391(c), and by reason of the facts alleged in this Complaint.

3

4

## FACTS COMMON TO ALL CLAIMS

5

27.     Plaintiff incorporates by reference all allegations stated above as if fully set

6

forth herein.

7

**A.      Wedge-Loc and what it does.**

8

28.     Wedge-Loc Co. Inc. is a family owned and operated company.

9

29.     Wedge-Loc is located in southern Arizona.

10

30.     Wedge-Loc's CEO, Wendy Williams ("Wendy"), is a resident of southern

11

12

Arizona.

13

31.     Wendy is the recipient of a kidney transplant.  Wendy suffered a heart attack

14

in the summer of 2010.

15

32.     For medical reasons Wendy's ability to travel is limited.  For medical reasons

16

Wendy does not travel in public conveyances.

17

18

33.     Wedge-Loc's Vice President, Jeff Williams ("Jeff") is a resident of the State

19

of Arizona and lives in Rio Rico, Arizona.

20

34.     The Williams family has operated Wedge-Loc since its incorporation.

21

35.     Wedge-Loc is a single-product company.  Its only product line is bracing

22

systems for fencing used in rural lands dedicated to agriculture and ranching.

23

24

36.     Specifically, Wedge-Loc's products consist of hardware and bracing systems

25

to brace T-posts.  These posts are used in fencing on ranches, pastures, and farms.

26

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    5

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

37.     Wedge-Loc's operations are located in Arizona.  Its manufacturers are located in Arizona.

38.     Wedge-Loc's product stamping, degreasing, etching and welding operations are located in Southern Arizona.  Wedge-Loc's machine and tool repair shop is located in southern Arizona.

39.     Wedge-Loc's printing shop for printing packaging and written materials is located in southern Arizona.

40.     Wedge-Loc's records and documents are located in southern Arizona, at its office in Rio Rico, Arizona.

41.     Many of Wedge-Loc's records and documents are on paper and not in electronic form and are maintained in files at its office in southern Arizona.

42.     The custodians of Wedge-Loc's records are located in southern Arizona.

43.     Wedge-Loc's employees are located in southern Arizona.

44.     Specifically, Wedge-Loc's machinists, manufacturers, and most of its sales people are located in southern Arizona.

45.     Most of Wedge-Loc's marketing personnel are located in southern Arizona.

46.     Wedge-Loc is the owner of U.S. Patent No. 4,889,322 (the " '322 Patent") and U.S. Patent No. 4,979,724 (the " '724 Patent).

47.     The status of a patent can be checked on the United States Patent and Trademark ("USPTO") website:  www.uspto.gov/patents.  The patent number is entered and then a page titled "Bibliographic Data" appears.  There are also folders to click on for

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    6

"Transaction History," "Fees," "Published Documents," and "Address & Attorney/Agent."

48.    A search of the patents that are the subject of this lawsuit, the '322 and '724 Patents using the above search method on the USPTO website, lists the Status on the Bibliographic Data folder as "Patented Case."  This page gives no indication that these patents have expired.  There is also no indication that the patent has expired in any of the other folders referred to in the previous paragraph for either of these patents.

49.    A search of patents can also be made on the USPTO website through the Patent Application Information link or "PAIR."  A search for the '322 and '724 Patents using this method for searching the status gives no indication that the patents have expired.

50.    Using the USPTO link for "Expired Patents" shows information for patents that have expired only for failure to pay maintenance fees.

51.    A patent holder who has paid the maintenance fees therefore cannot learn whether their patent has expired unless their patent counsel tells them or unless they have sufficient patent-related experience and education to understand the patent laws.

52.    Wedge-Loc's CEO, Wendy Williams, never went to college.

53.    Wedge-Loc's Vice-President, Jeff Williams, never went to college.

54.    Wedge-Loc is not a sophisticated company and has little experience applying for, obtaining, and maintaining patents.

55.    Wedge-Loc has no experience whatsoever litigating patents.

56.    Wedge-Loc relied on a patent attorney, Val Ptak, to apply for patents its inventions.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

57.     Wedge-Loc relied entirely on Mr. Ptak to provide it with patent advice.

58.     Mr. Ptak retired from practice in or about February of 2008.

59.     Since Mr. Ptak retired, Wedge-Loc has not been represented by patent counsel.

60.     Wedge-Loc did not know that its patents had expired or that it was required to remove the patent markings from its products upon expiration.

61.     Had it been informed of the necessity to remove patent markings from its products following expiration of its patents, Wedge-Loc would have done so.

62.     Until learning of the complaint filed by Defendant Patent Group, Wedge-Loc had no idea that its patents had expired.

63.     Wedge-Loc never marked its product with patent numbers with an intent to deceive the Public or to misuse its patent rights.

64.     Wedge-Loc relied entirely on its patent counsel, Mr. Ptak, to inform it of any requirements and/or responsibilities imposed on it by the patent laws.

65.     In marking its patent numbers on its products, Wedge-Loc did so without deceptive intent and with the understanding that the patents had not expired and continued to be enforceable.

66.     Any patent mismarkings on its products were not knowingly made and were not made with any intent to mislead or deceive the public.

67.     Wedge-Loc had no desire or intent to deceive the consuming public.

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    8

**B.      Patent Group L.L.C. and what it does.**

68.      Defendant Patent Group L.L.C. was formed on or about March 26, 2010.

69.      On information and belief, Defendant Patent Group L.L.C. is a single member limited liability company formed by Michael J. Collins with the sole purpose of filing lawsuits for false patent marking claims.

70.      On information and belief, Michael J. Collins is a private investigator whose principal place of business is Tyler, Texas.

71.      On information and belief, and also according to the article titled "Who is Driving the False-Marking Frenzy?" and dated May 31, 2010, published in Corporate Counsel at its website http://www.law.com/jsp/cc/PubArticleCC.jsp?id=1202458966077, Defendant Patent Group L.L.C. is not in the business of manufacturing or selling anything, much less bracing hardware and/or bracing systems for T-posts for the agricultural and ranching market.

72.      On October 20, 2010, Defendant Patent Group L.L.C. was listed as the top active plaintiff in the United States for patent false marketing lawsuits it had filed, according to the website http://www.grayonclaims.com/home/category/false-marking.

73.      As of November 30, 2010, Defendant Patent Group L.L.C. has filed over one hundred (100) lawsuits against businesses around the United States for false patent marking claims, according to the website http://www.falsemarking.net/district.php.

74.      On information and belief, Patent Group L.L.C. is solely in the business of suing people and companies for patent false marking under 35 U.S.C. § 292.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    9

75.     On information and belief, Defendant's patent false marking complaints typically allege that Defendant is acting as a private attorney general with the motive of assisting the United States in policing patent false marking and protecting innocent consumers.

76.     On information and belief, as a practical matter Defendant is acting strictly for its own gain by forcing innocent and inadvertent patent owners into quick settlements.

77.     On information and belief, Defendant Patent Group L.L.C. does not manufacture or sell anything and does not compete with Wedge-Loc.

78.     On information and belief, Patent Group L.L.C.'s only exposure to agricultural and/or ranching fencing, and more specifically bracing hardware for T-posts, was when one of its agents purchased Wedge-Loc hardware in Texas with the intent to use that hardware as evidence essential for suing Wedge-Loc.

79.     On information and belief, Defendant Patent Group has not suffered any competitive injury as a result of any alleged patent mismarking committed by Wedge-Loc.

80.     On information and belief, Patent Group L.L.C. has suffered no damages.

81.     On information and belief, Defendant files patent false marking lawsuits yet prior to filing suit regularly fails to confer with the owners of the patents and/or expired patents concerning the claims it intends to assert against those owners.

82.     Defendant Patent Group L.L.C. never contacted Wedge-Loc or warned Wedge-Loc that it was violating any law or that it had mismarked any of its products.

83.     On information and belief, Defendant regularly fails to investigate the claims

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    10

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1  alleged in its patent false marking complaints, specifically those claims alleging deceptive

2  intent.

3       84.     On information and belief, Defendant Patent Group, L.L.C. made no

4  investigation whatsoever into the subject matter of this dispute other than to purchase T-

5

6  post bracing hardware manufactured by Wedge-Loc.

7       85.     On information and belief, Patent Group L.L.C. made no investigation

8  whatsoever that Wedge-Loc, in manufacturing, marketing, and selling its product acted

9  with the requisite state of mind to deceive the public.

10

11      86.     On information and belief, Defendant Patent Group L.L.C. filed its lawsuit

12  against Wedge-Loc without any evidence whatsoever that Wedge-Loc has manufactured,

13  marketed and sold its products marked with the subject patent numbers with the intent to

14  deceive the Public.

15      87.     On information and belief, Patent Group L.L.C. made no investigation

16  whatsoever to back up its statement, in its complaint against Wedge-Loc, that Wedge-Loc is

17  a "sophisticated company" which "knows, or should know" that its any of its patents had

18

19  expired.

20  **C.     Patent Group, L.L.C. has acted in bad faith**

21      88.     Patent Group L.L.C. has acted in bad faith and in abuse of the judicial process

22  because it has filed its complaint against Wedge-Loc without properly investigating the

23  circumstances underlying Wedge-Loc's marking of its products with its patent numbers.

24

25      89.     Patent Group L.L.C. has acted in bad faith in filing its complaint against

26

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC          11

Wedge-Loc because it has failed to determine whether Wedge-Loc, by marking its products with its patents, did so with the intent to deceive the Public.

90.     Patent Group L.L.C. acted in bad faith by filing its complaint before contacting Wedge-Loc and inquiring into Wedge-Loc's behavior.

91.     Patent Group L.L.C. has acted in bad faith by asserting that it has been damaged by Wedge-Loc's behavior when, in fact, it is not a competitor with Wedge-Loc, it is not in the business of manufacturing or creating any product whatsoever, and exists solely for the purpose of litigating against patent holders who have innocently and inadvertently manufactured, marketed, or sold product marked with the number of an expired patent.

92.     Patent Group L.L.C. has acted in bad faith by waiting more than 120 days after filing its complaint to attempt service of its complaint on Wedge-Loc.

93.     Defendant's conduct constitutes bad faith for the simple reason that the threat of litigation would, in most cases and on information and belief, immediately cause the false marking committed by innocent and inadvertent patent holders to end without litigation and without the needless squandering of judicial and economic resources.

### COUNT ONE
### NO VIOLATION OF 35 U.S.C. § 292

94.     Wedge-Loc incorporates by reference all allegations stated above as if fully set forth herein.

95.     The Wedge-Loc bracing systems are marked with the numbers of the '322 and '724 Patents.

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC          12

96.     These patent numbers have not been falsely affixed on Wedge-Loc's

hardware because Wedge-Loc did not know and reasonably should not have known that the

patents had expired.

97.     Wedge-Loc did not mark its hardware or its bracing systems with an intent to

deceive the public.

98.     Wedge-Loc did not know, and reasonably should not have known, that its

hardware and bracing systems were no longer protected by patents.

99.     Wedge-Loc has not marked its products with the intent to deceive the Public.

Wedge-Loc has not committed patent false marking.

## COUNT TWO
## REQUEST FOR DECLARATORY RELIEF

100.     Wedge-Loc incorporates by reference all allegations stated above as if fully

set forth herein.

101.     An actual case and controversy exists between Plaintiff Wedge-Loc and

Defendant Patent Group, L.L.C. over whether Wedge-Loc has committed patent false

marking under the laws of the United States.

102.     The Wedge-Loc bracing system is marked with the numbers of the '322 and

'724 Patents.

103.     These patent numbers have not been falsely affixed on Wedge-Loc's

hardware because Wedge-Loc did not know and reasonably should not have known that the

patents had expired.

104.     Wedge-Loc did not mark its hardware or its bracing systems with an intent to

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    13

1  deceive the public.

2      105.    Wedge-Loc did not know, and reasonably should not have known, that its

3  hardware and bracing systems were no longer protected by patents.

4
       106.    Wedge-Loc believed that said hardware and bracing systems are still
5
   protected by its patents.
6
7      107.    Wedge-Loc has not marked its products, including those covered by the '322

8  and '724 Patents, with the intent to deceive the public.

9      108.    Wedge-Loc has not committed patent false marking.

10
       109.    Pursuant to 28 U.S.C. § 2201, Wedge-Loc is entitled to a declaration that it
11
   has not committed false marking.
12
13     **WHEREFORE,** Wedge-Loc prays for judgment as follows:

14     A.    An order declaring that Wedge-Loc has not committed patent false marking,

15           pursuant to 28 U.S.C. § 2201;

16
       B.    An order enjoining Defendant Patent Group L.L.C. from giving the trade and
17
             the Public any erroneous impression that any goods offered in commerce by
18
             Wedge-Loc have been falsely marked;
19
20     C.    An order directing Defendant Patent Group L.L.C. to issue corrective

21           advertising or another form of written or printed communication, in a form

22           approved by Wedge-Loc, to consumers of Wedge-Loc's goods explaining the

23           true facts about Wedge-Loc's marking of its bracing systems and explaining

24           the true facts about the products offered by Wedge-Loc as alleged herein;

25
26

DeCONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

D.     An award to Wedge-Loc for its reasonable costs and attorney's fees pursuant

to 35 U.S.C. § 285 and an enhancement of damages and penalties; and

E.     An order for such other relief as the Court deems just and proper.

DATED this 20th day of  December, 2010.

DECONCINI MCDONALD YETWIN & LACY, P.C.


By: /s/  Peter B. Goldman
        Peter B. Goldman
        2525 E. Broadway Blvd., Suite 200
        Tucson, AZ 85716-5300
        Attorneys for Plaintiffs

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Case Name; Case No. _____

I:\FILES\DOCS\WEDG01\101547\DOC\KV9957.DOC                    15